

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

STUART PIVAR               Plaintiff,      :

   --against--                              :     2007 Civ.

                                            :

SEED MEDIA GROUP, LLC and                         **VERIFIED**
PAUL Z. MYERS                                     **COMPLAINT**
                                            :     **AND JURY DEMAND**
                        Defendants.
                                            :     ECF
------------------------------------------------------------------x

        Plaintiff Stuart Pivar, for his complaint against Defendants avers:

### The Parties

1. The Plaintiff is a person and a citizen of the State of New York.

2. Defendant Seed Media Group, LLC ("SMG") is a limited liability company formed and existing under the laws of the State of Delaware. SMG owns the international science bi-monthly print magazine "SEED" and a cluster of influential web-logs ("blogs") trading as "ScienceBlogs.com". SMG's head office is located at 12 West 21st Street, New York, NY 10010. SMG operates on a world-wide basis with bureau in London, Washington and Shanghai.

3. Defendant Paul Z. Myers ("Myers") is a person and a citizen of the State of Minnesota and is employed by Seed Media Group, LLC as a featured columnist on the magazine "Seed" and as a web-log diarist ("blogger") on

ScienceBlogs.com under the title: "Pharyngula." Myers' office address is 600 East 4th Street, Morris, Minnesota 56267.

### Jurisdiction and Venue

4. This Court has personal jurisdiction over Defendants pursuant to CPLR 310 and 302 by reason of the fact that SMG's headquarters is in this District, transacts business and has contracted with Myers to do business in the State of New York and in this District and Defendants have committed tortuous acts within and without the State of New York and in this District having an injurious effect on the Plaintiff in New York.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants. This Court also has supplemental jurisdiction over the claim for relief that arises under New York statutory and/or common law pursuant to 28 U.S.C. § 1376(a) because it forms part of the same controversy and derives from the same facts.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim arose in this District.

### Nature of this Action

7. Plaintiff seeks injunctive relief and money damages for defamation and libel per se premised upon diversity of citizenship.

## The Facts

8. Plaintiff is an industrialist, inventor and scientist.

9. Plaintiff founded Chem-tainer Industries, Inc. in 1958, a nation-wide manufacturer of plastic products. Plaintiff obtained patents for his innovative processes and is currently chairman of Chem-tainer's Board of Directors.

10. In 1982, with the late, celebrated artist, Andy Warhol, Plaintiff co-founded and provided the initial funding for the New York Academy of Art, a classical graduate school for painting and sculpture, whose current patron is H.R.H. Charles, Prince of Wales.

11. Plaintiff discussed the LIFECODE project on numerous occasions with Professor Stephen Jay Gould, who, until his untimely death in May 2002, was working on a refutation of the fundamentalist Darwinian theory of evolution,," a position of scientific orthodoxy that LIFECODE questions. Professor Gould was latterly Professor of Evolutionary Biology at Harvard University, and Vincent Astor Visiting Professor of Biology at New York University. His diverse publications on a wide range of subjects are too numerous to mention; he has been publicly noted as one of the most important figures in American science in the twentieth century.

12. As a result of Plaintiff's detailed and comprehensive research, Plaintiff edited a book named *Lifecode: The Theory of Biological Self-Organization*, which was published by Ryland Press in 2004.

13. In July 2007, Ryland Press issued an updated edition of the book, *Lifecode: From Egg to Embryo by Self-Organization* ("*Lifecode*"). The book is currently available for sale.

14. The updated edition of Lifecode contained a foreword by Richard Milner ("Milner"), an anthropologist based at the American Museum of Natural History and contributing editor of *Natural History*. *Lifecode* received a review from Robert Hazen ("Hazen") of NASA's Astrobiology Institute, and endorsements from Brian Goodwin ("Goodwin") Professor of Biology at Schumacher College, England and author of the seminal: *How the leopard changed it's spots;* and Dimitar Sasselov, Director of the Harvard Initiative for Life Origins, and Neil de Grasse Tyson, ("Tyson") Presidential Scientific Advisor and Director of the Hayden Planetarium. The foreword, review and endorsements confirmed *Lifecode* as a serious scientific addition to the theoretical enquiry and important debate between the leading Darwinist and neo-Darwinist polemicists.

15. On July 12, 2007, Defendant Myers launched a vicious attack on the integrity of Plaintiff's work in on Myers' "Pharyngula" website, found on the internet at www.pharyngula.com.

16. On July 12, 2007, Defendant Myers maliciously, and without cause, defamed Plaintiff by referring to him as "a classic crackpot."

17. Upon information and belief, Defendant Myers' references to Plaintiff as "a classic crackpot" were necessarily intended to disparage Plaintiff's abilities as a scientific enquirer and were intended to hold Plaintiff up to ridicule and embarrassment in this specific area of Plaintiff's professional endeavors.

18. Myer's defamatory remarks were made with actual malice; Myers called Plaintiff "a classic crackpot" fully knowing that statement to be false as a statement of fact and in reckless disregard of the truth about Plaintiff because Myer's knew full well, the time of publishing his defamatory statement that no scientist holding the international reputation of any of Hazen, Sasselov, Goodwin or Tyson would endorse or review the work of a crackpot.

19. Myers has publicly described himself on his web log as a "cruel and insensitive person".

20. Because Defendant Myers' defamation of Plaintiff has been disseminated widely throughout the world, his remarks were also likely and possibly intended to hold the Plaintiff up to ridicule in his business relationships as an industrialist, Plaintiff's social relationships and in his activities as a philanthropist.

21. The term "crackpot" was considered as actionable as slander per se in the 2000 case in the Mississippi Court of Appeal when uttered in reference to a physician by an insurance adjuster (*McFadden v United States Fidelity and Guarantee Company*; 766 So. 2d 20; 2000 Miss.App.).

22. From July 12, 2007 until present, Defendant Myers has continued to ridicule and disparage the Plaintiff and *Lifecode* on his website, without justification, and continues to refer to Plaintiff as a "crackpot."

23. Upon information and belief, Tyson has withdrawn any previous review of Plaintiff's work in relation to *Lifecode* due to the unwarranted and vitriolic attacks Defendant Myers has made on *Lifecode* and Plaintiff personally.

24. Upon information and belief, www.phryngula.com is a website controlled by www.scienceblogs.com, which in turn is controlled by defendant SMG.

25. SMG's Board of Directors include a number of prominent public figures: Jeffrey Epstein, noted money manager, and benefactor of numerous scientific projects at leading places of learning including the PED project at Harvard University; Ghislaine Maxwell, English-born daughter of the late media tycoon, Robert Maxwell, M.C.; and Scientific Advisor to the Board, James Watson, the Nobel-prize winning molecular biologist and co-discoverer of the structure of the DNA molecule.

26. Upon information and belief, Defendant SMG pays Defendant Myers a monthly stipend to host his web log on the www.scienceblogs.com site.

27. Therefore SMG shares responsibility with Myers for the defamatory comments that continue to be made against Plaintiff by Myers.

28. On July 17, 2007, Plaintiff contacted Defendant Myers and reminded him that he had reviewed the earlier version of *Lifecode*.

29. On July 18, 2007, Defendant Myers repeated the aforementioned, personal, untrue and libelous attacks on the Plaintiff and *Lifecode*.

30. Defendant Myers' defamatory remarks have caused the Plaintiff considerable mental and emotional distress.

31. Defendant Myers' defamatory remarks in combination with his threats to contact any prospective reviewers of *Lifecode* and further disparage Plaintiff's reputation are maliciously and tortiously interfering with Plaintiff's business relationships in his work as a scientist and scientific editor.

32. By reason of the defamatory comments written by Defendant Myers and published by SMG, Plaintiff has been damaged by loss of book sales and diminished return on ten years of funded scientific research in special damages, a sum in excess of $5 million.

33. Defendants Myers and SMG's intentional and per se defamation of Plaintiff caused him to suffer, inter alia, the special damages referenced in Paragraph 30 supra, and gross impairment of his good name, public embarrassment, humiliation, impairment to his professional reputation, public impairment of his abilities and integrity, anxiety, emotional upset and public ridicule.

## AS AND FOR A FIRST CLAIM

### Declaratory Relief

32. Plaintiff repeats and reavers the averments of paragraph 1 through 31 as if fully set forth herein.

33. By reason of the foregoing, Defendants Myers and SMG's willful and malicious defamatory statements about the Plaintiff constitute libel per se for which they are answerable for damages under New York State law.

34. That this Court order Defendants Myers and SMG to immediately remove such statements from all web-sites under their control; and Defendants be enjoined from continuing to issue libelous and defamatory statements about the Plaintiff.

## AS AND FOR A SECOND CLAIM

## Tortious interference with Business relations

35. Plaintiff repeats and reavers the averments of paragraph 1 through 31 as if fully set forth herein

36. By reason of the foregoing, Defendants have tortiously interfered with Plaintiff's business relations and have damaged Plaintiff's business investments by at least $5 million.

37. Accordingly, Defendants should be held liable for special damages to Plaintiff for a sum of at least $5 million.

## AS AND FOR A THIRD CLAIM

## Damages for Libel per se

38. Plaintiff repeats and reavers the averments of paragraph 1 through 31 as if fully set forth herein.

39. By reason of the foregoing, Defendants Myers and SMG's malicious and willful defamatory published statements have damaged the Plaintiff and are actionable for damages under the law of the State of New York.

40. Accordingly Defendants should be held liable for damages to the Plaintiff for a sum of at least $10 million.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully demands this court enter judgment in its favor and against Defendants Myers and SMG as follows:

1. Enjoining permanently the Defendants from making any future defamatory statements about the Plaintiff and immediately removing any remaining defamatory statements from their websites.

2. Awarding on the Second Claim for such compensatory and punitive damages for the Defendants tortious interference with Plaintiff's business relationships as a jury may impose, but at least the sum of $5 million, that constitutes Plaintiff's special damages.

3. Awarding on the Third Claim, such compensatory and punitive damages, inter alia for emotional distress and loss of reputation of at least $10 million, or any sum as the jury may impose.

4. Granting such other and further relief as the Court seems just and proper, including the costs of this action.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff hereby respectfully demands a trial by jury of all issues triable of right by a jury.

Dated: New York, New York
August 16, 2007

MICHAEL J. LITTLE, ESQ.

By: _____
Michael J. Little (ML-2174)
*Attorney for Plaintiff*
26 Broadway
New York, NY 10004-1840
Telephone: (212) 480-9850

# VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

      I, Stuart Pivar, the undersigned am the Plaintiff in this action. I have read the annexed complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief and to those matters, I believe them to be true.

      I affirm the foregoing statements are true under penalties of perjury.

Dated: New York, New York
       August __, 2007

                                                        Stuart Pivar

Sworn before me this
___ day of August, 2007

_____
Michael J. Little, Esq.
Notary Public - State of New York
02LI6170250
Qualified in New York County
My Comm. Expires: July 23, 2011